

FILED
IN OPEN COURT

JUL 2 4 2024

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 2:24cr76 |
| v. ) | |
| ) | 18 U.S.C. § 2251(a) |
| JUSTIN WHICHARD, ) | Production of Images of Minors Engaging |
| ) | in Sexually Explicit Conduct |
| Defendant. ) | (Counts 1-2) |
| ) | |
| ) | 18 U.S.C. § 2422(b) |
| ) | Coercion and Enticement of a Minor |
| ) | (Count 3-4) |
| ) | |
| ) | 18 U.S.C. § 2252(a)(2) |
| ) | Receipt of Images of Minors Engaging in |
| ) | Sexually Explicit Conduct |
| ) | (Counts 5-6) |
| ) | |
| ) | 18 U.S.C. § 2252(a)(1) |
| ) | Transportation of Images of Minors |
| ) | Engaging in Sexually Explicit Conduct |
| ) | (Count 7) |
| ) | |
| ) | 18 U.S.C. § 2252(a)(4)(B) |
| ) | Possession of Images of Minors Engaging |
| ) | in Sexually Explicit Conduct |
| ) | (Counts 8-9) |
| ) | |
| ) | 18 U.S.C. § 2261A(2) |
| ) | Stalking, Intimidating, and Harassing |
| ) | (Counts 10-11) |
| ) | |
| ) | 18 U.S.C. § 875(d) |
| ) | Extorting Communications |
| ) | (Counts 12-13) |
| ) | |
| ) | 18 U.S.C. § 922(o) |
| ) | Illegal Possession of a Machine Gun |
| ) | (Count 14) |
| ) | |
| ) | 18 U.S.C. §§ 545 and 2 |
| ) | Smuggling Goods into the United States |
| ) | (Count 15) |

|   |   |
|---|---|
| ) | |
| ) | 18 U.S.C. §§ 545, 924(d)(1), 981(a)(1)C), |
| ) | 982(a)(2)(B), 2253, 2428; |
| ) | 28 U.S.C. § 2461(c) |
| ) | Forfeiture |

## INDICTMENT

### July 2024 Term -- At Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

### COUNT ONE

(Production of Images of Minors Engaging in Sexually Explicit Conduct)

On or about February 6, 2023, within the Eastern District of Virginia and elsewhere, the defendant JUSTIN WHICHARD, did knowingly attempt to employ, use, persuade, induce, entice, and coerce a minor victim ("MV1"), whom he believed to be a minor, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and JUSTIN WHICHARD knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, that such visual depiction would be produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and that such visual depiction was actually transported and transmitted using a means and facility of interstate and foreign commerce in or affecting interstate and foreign commerce.

(In violation of Title 18, United States Code, Section 2251(a).)

## COUNT TWO

(Production of Images of Minors Engaging in Sexually Explicit Conduct)

On or about February 9, 2023, within the Eastern District of Virginia and elsewhere, the defendant JUSTIN WHICHARD, did employ, use, persuade, induce, entice, and coerce a minor victim ("MV2") to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, that the visual depiction was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and that such visual depiction was actually transported and transmitted using a means and facility of interstate and foreign commerce in or affecting interstate and foreign commerce.

(In violation of Title 18, United States Code, Section 2251(a).)

## COUNT THREE

(Coercion and Enticement of a Minor)

On or about February 9, 2023, within the Eastern District of Virginia and elsewhere, the defendant JUSTIN WHICHARD, using a facility and means of interstate and foreign commerce, attempted to, and did knowingly persuade, induce, entice, and coerce MV2, who had not attained 18 years of age, to engage in sexual activity for which a person can be charged with a criminal offense, namely soliciting or enticing a minor to perform in pornography, Va. Code § 18.2-374.1, among others related to crimes against children.

(In violation of Title 18, United States Code, Section 2422(b).)

## COUNT FOUR

(Coercion and Enticement of a Minor)

On or about February 6, 2023, within the Eastern District of Virginia, and elsewhere, defendant JUSTIN WHICHARD, using a facility and means of interstate and foreign commerce, did knowingly attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, namely soliciting or enticing a minor to perform in pornography, Va. Code § 18.2-374.1, among others related to crimes against children.

(In violation of Title 18, United States Code, Sections 2422(b).)

## COUNT FIVE

(Receipt of Images of Minors Engaging in Sexually Explicit Conduct)

On or about February 9, 2023, within the Eastern District of Virginia and elsewhere, the defendant JUSTIN WHICHARD, did knowingly receive a visual depiction using a means and facility of interstate and foreign commerce, and that has been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so shipped and transported, by any means including by computer, and the production of such visual depiction involved the use of MV2 engaging in sexually explicit conduct and such visual depiction was of such conduct.

(In violation of Title 18, United States Code, Section 2252(a)(2).)

## COUNT SIX

(Receipt of Images of Minors Engaging in Sexually Explicit Conduct)

On or about February 6, 2023, within the Eastern District of Virginia and elsewhere, the defendant JUSTIN WHICHARD, did knowingly attempt to receive a visual depiction using a means and facility of interstate and foreign commerce, and JUSTIN WHICHARD knew and had reason to know that such visual depiction would be shipped and transported in and affecting interstate and foreign commerce, by any means including by computer, and the production of such visual depiction would have involved the use of MV1 engaging in sexually explicit conduct and such visual depiction would have been of such conduct.

(In violation of Title 18, United States Code, Section 2252(a)(2).)

## COUNT SEVEN

(Transportation of Images of Minors Engaging in Sexually Explicit Conduct)

In or around May 2023, within the Eastern District of Virginia, the defendant JUSTIN WHICHARD, did knowingly transport a visual depiction using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by a computer, and the production of such visual depiction involved the use of a minor victim ("MV3") engaging in sexually explicit conduct and such visual depiction was of such conduct.

(In violation of Title 18, United States Code, Section 2252(a)(1).)

## COUNT EIGHT

(Possession of Images of Minors Engaging in Sexually Explicit Conduct)

On or about July 26, 2023, within the Eastern District of Virginia, the defendant JUSTIN WHICHARD, did knowingly possess an Apple iPhone 13 Pro Max, which was manufactured outside of the Commonwealth of Virginia, containing one or more visual depictions that had been shipped and transported using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and which visual depictions were produced using materials which had been mailed and so shipped and transported, by any means, including by computer; and the production of such visual depictions involved the use of minor victims, engaging in sexually explicit conduct and the visual depictions were of such conduct.

(In violation of Title 18, United States Code, Section 2252(a)(4).)

## COUNT NINE

(Possession of Images of Minors Engaging in Sexually Explicit Conduct)

On or about March 13, 2023, within the Eastern District of Virginia, the defendant JUSTIN WHICHARD, did knowingly possess a Samsung Galaxy A03s which was manufactured outside of the Commonwealth of Virginia, containing one or more visual depictions that had been shipped and transported using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and which visual depictions were produced using materials which had been mailed and so shipped and transported, by any means, including by computer; and the production of such visual depictions involved the use of multiple minor victims engaging in sexually explicit conduct and the visual depictions were of such conduct.

(In violation of Title 18, United States Code, Section 2252(a)(4).)

## COUNT TEN

(Stalking, Intimidating, Harassing)

On or about February 9, 2023, within the Eastern District of Virginia and elsewhere, the defendant JUSTIN WHICHARD, with the intent to injure, harass, and intimidate another person, used an interactive computer service and electronic communication service and electronic communication system of interstate commerce, and a facility of interstate and foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to a person, namely MV2.

(In violation of Title 18, United States Code, Sections 2261A(2)(B) and 2261(b).)

## COUNT ELEVEN

(Stalking, Intimidating, Harassing)

On or about June 6, 2023, within the Eastern District of Virginia and elsewhere, the defendant JUSTIN WHICHARD, with the intent to injure, harass, and intimidate another person, did knowingly attempt to use an interactive computer service and electronic communication service and electronic communication system of interstate commerce, and a facility of interstate and foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to a person, namely Victim (V4)

(In violation of Title 18, United States Code, Sections 2261A(2)(B) and 2261(b).)

## COUNT TWELVE

(Extorting Communications)

On or about February 9, 2023, within the Eastern District of Virginia and elsewhere, the defendant JUSTIN WHICHARD, with intent to extort a thing of value from MV2, knowingly transmitted in interstate and foreign commerce from the Commonwealth of Virginia to the Commonwealth of Pennsylvania, a communication containing a threat to injure the property and reputation of the addressee.

(In violation of Title 18, United States Code, Section 875(d).)

## COUNT THIRTEEN

(Extorting Communications)

On or about June 6, 2023, within the Eastern District of Virginia and elsewhere, the defendant JUSTIN WHICHARD, with intent to extort a thing of value from V4, knowingly transmitted in interstate and foreign commerce from the Commonwealth of Virginia to the State of West Virginia, a communication containing a threat to injure the property and reputation of the addressee.

(In violation of Title 18, United States Code, Section 875(d).)

## COUNT FOURTEEN

(Illegal Possession of a Machinegun)

On or about July 26, 2023, within the Eastern District of Virginia, the defendant, JUSTIN WHICHARD, did knowingly possess a machinegun, and attempted to knowingly possess a machinegun, as defined in Title 26, United States Code, Section 5845(b) of the National Firearms Act, that is, a Glock Conversion Device.

(In violation of Title 18, United States Code, Sections 922(o), 924(a)(2).)

## COUNT FIFTEEN

(Smuggling Goods into the United States)

On or about July 26, 2023, within the Eastern District of Virginia and elsewhere, the defendant JUSTIN WHICHARD, willfully, knowingly and with intent to defraud the United States, aided and abetted by others both known and unknown to the grand jury, did smuggle and clandestinely introduce into the United States merchandise that should have been invoiced and contrary to law, that is, a Glock Conversion Device, with an approximate value of at least $20.00, that was falsely and misleadingly identified and described on a waybill and goods declaration presented to the U.S. Customs and Border Patrol, and aided and abetted the same.

(In violation of Title 18, United States Code, Sections 545 and 2.)

## FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1. The defendant, if convicted of any of the violations alleged in Counts 1-2 and 4-9 of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

    a. Any visual depiction described in section 2251 et seq. of Chapter 110 of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of the same Chapter;

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the violation;

    c. Any property, real or personal, used or intended to be used to commit or to promote the commission of the violation or any property traceable to such property.

2. The defendant, if convicted of the violation alleged in Count 3 of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

    a. Any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the violation;

    b. Any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the violation.

3. The defendant, if convicted of either of the violations alleged in Counts 12 and 13 of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is

derived from proceeds traceable to the violation.

4. The defendant, if convicted of the violation alleged in Count 15 of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

   a. Any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the violation;

   b. Any merchandise introduced into the United States in violation of 18 U.S.C. § 545, or the value thereof.

5. The defendant, if convicted of any of the violations alleged in this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any firearm or ammunition involved in or used in the violation.

6. If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e.)

(In accordance with Title 18, United States Code, Sections 545, 924(d)(1), 981(a)(1)(C), 982(a)(2)(B), 2253, and 2428; and Title 28, United States Code, Section 2461(c).)

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office

*United States of America v. JUSTIN WHICHARD*
Criminal No. 2:24cr 76

A TRUE BILL:

**REDACTED COPY**

_____
FOREPERSON

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____
Clayton D. LaForge
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - clayton.laforge@usdoj.gov